UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT VENTIMIGLIA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1199 CDP |
| ) | |
| ST. LOUIS C.O.G., INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motion for an extension of time. Plaintiffs are concerned that this Court may dismiss plaintiffs' complaint against three unserved defendants when this Court rules on all pending motions to dismiss. Plaintiffs should comply with my prior Order, which requires them to respond to all motions to dismiss that are pending as of November 3, 2008 by November 24, 2008. To the extent that these defendants remain unserved or do not file motions to dismiss by November 3, 2008, then my prior Order does not apply to them.[1] If plaintiffs need additional time to file a response to any motions

---

[1] However, to the extent the pending motions to dismiss raise legal arguments that apply equally to all defendants (even those that remain unserved), then plaintiffs should address those arguments as if they apply to all defendants because the Court could find the complaint should be dismissed in its entirety even against those defendants who remain unserved.

that may be filed by these unserved defendants, then they should file an appropriate motion at that time. However, I will not delay these proceedings any further by waiting for these defendants to be served before requiring plaintiffs to file their response to the pending motions to dismiss.

At this time, I will deny plaintiffs' request that I order the United States Marshals Service to expedite service on the unserved defendants. The file shows that a marshal attempted to serve Norman McFall at the address provided by plaintiffs, but that the summons was returned unexecuted because Mr. McFall can no longer be found at that address. It remains plaintiffs' responsibility to serve defendants, including defendant McFall. If plaintiffs obtain a valid address for service of process upon defendant McFall, then they may again seek leave to serve McFall under Federal Rule of Civil Procedure 4(c)(3). However, plaintiffs remain responsible for all costs of service, including attempted service on defendant McFall, whether through the United States Marshals Service or through another method. If plaintiffs need an extension of time to obtain service on defendant McFall, they should file a motion.

Finally, defendant St. Louis Cog, Inc. has filed its corporate interests disclosure certificate, so plaintiffs' request that they do so is moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for an extension of time [#53] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2008.