UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT VENTIMIGLIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1199 CDP |
| | ) |
| ST. LOUIS C.O.G., INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on motions filed by plaintiff Vincent Ventimiglia relating to the motion for temporary restraining order, which I denied on the record following a hearing on November 25, 2008. Mr. Ventimiglia now moves for a rehearing on the motion for temporary restraining order, default judgment against three non-parties to this lawsuit, and to disqualify me from presiding over this case. All motions will be denied.

The motion for rehearing will be denied. Plaintiffs were given a hearing on the motion for temporary restraining order, and after consideration of the arguments and evidence presented on their behalf, I denied the motion for failure to meet the standards for issuing a temporary restraining order.[1] Because Mr.

---

[1] As I explained during the hearing, the factors for determining if a temporary restraining order should be issued are "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties

Ventimiglia has presented nothing in these motions that convince me my prior decision was in error, the motion for rehearing will be denied.[2]

The motion for default judgment will be summarily denied as meritless. Judge David Vincent, III, Jerry Lee, and Gary Krautman are not parties to this action and cannot be held in default for failing to appear for the hearing on plaintiffs' motion for temporary restraining order.

Finally, Mr. Ventimiglia seeks my disqualification from this case. He claims that I am biased because: I ruled against plaintiffs on their motion for temporary restraining order; I did not issue a written opinion denying the motion for temporary restraining order; I did not rule on his request for preliminary injunctive or declarative relief; and, I am a woman. A judge should recuse herself if her "impartiality might reasonably be questioned." 28 U.S.C. § 455. Recusal is required when an average person knowing all the relevant facts of a case might reasonably question a judge's impartiality. Dossett v. First State Bank, 399 F.3d 940, 952 -953 (8th Cir. 2005); Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002)

---

litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). A temporary restraining order is an extraordinary and drastic remedy. Williams Pipe Line Co. v. City of Mounds View, Minnesota, 651 F.Supp. 544, 548 (D. Minn. 1986). The burden of proving that the relief should be awarded rests entirely on the movant. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

[2]Mr. Ventimiglia cites Federal Rule of Civil Procedure 59(e) in support of his motion for rehearing, but that rule does not apply to a denial of a motion for temporary restraining order. No judgment has been entered in this case.

(en banc). The crux of Mr. Ventimiglia's claim is that my ruling on plaintiffs' motion for temporary restraining order demonstrates partiality or bias in favor of defendants and the non-parties named in the motion. "Adverse judicial rulings, however, 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal." Dossett, 399 F.3d at 953 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Mr. Ventimiglia is not entitled to a new judge simply because he dislikes my rulings, nor must I recuse myself merely because I did not issue my ruling in the form he might prefer. I stated my reasons for denying the motion on the record in open court. Mr. Ventimiglia was present for the hearing and heard my ruling. I am not required to issue a written opinion denying the motion for temporary restraining order.

As for Mr. Ventimiglia's other complaints, I did not rule on the motions for preliminary injunctive and declaratory relief because they were not properly before me. These motions cannot be heard on an emergency basis, unlike the motion for temporary restraining order. Plaintiffs' motions for preliminary injunctive and declaratory relief remain pending and will be set for hearing, if appropriate, following my ruling on the pending motions to dismiss. Finally, Mr. Ventimiglia's claim that he is an "invidious discriminatory animus class, of a pro se litigant, and convicted felon of many years ago . . . and the lead judge is a

female, and Mr. Ventimiglia is a male" does not present a basis to grant his motion for recusal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for rehearing [#84], motion for default judgment [#85], and motion to disqualify judge [#86] are denied.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2008.